WRIGHT, Presiding Judge.
This is a suit on an insurance policy.
Carl D. Williams and Cecil L. Williams, d/b/a Williams Produce Co. (hereafter Williams) filed suit against Alabama Farm Bureau Mutual Casualty Insurance Co. (hereafter Farm Bureau) seeking indemnification for damage to an automobile covered under a fleet policy which Williams carried with Farm Bureau. Farm Bureau answered denying coverage on the grounds that the automobile involved in the accident was being driven at the time of the accident by Eligha Palmer and that Eligha Palmer had been expressly excluded from coverage under the policy.
The case was tried to a jury on October 9, 1979. The jury found for Williams and judgment for $5,500 was entered against Farm Bureau. Farm Bureau’s motion for Judgment N.O.V. or for New Trial was denied and Farm Bureau appeals.
The insurance policy provided fleet coverage for several automobiles owned and operated by Williams. The policy carried one special endorsement, a Named Driver Exclusion of Eligha Palmer, which had been added to the policy on March 25,1975. This exclusion was accepted by Williams at the instance of Farm Bureau after Palmer was involved in an accident in December 1974. The principal issue at trial was whether Farm Bureau had waived the exclusion.
Farm Bureau contends on appeal that the doctrine of waiver has no application under the evidence in this case and the trial court erred in refusing to direct a verdict for Farm Bureau based on the named driver exclusion. We agree and reverse.
The Named Driver Exclusion Endorsement upon which Farm Bureau relies reads as follows:
Subject to all other terms and conditions of the policy to which this endorsement is attached it is understood and agreed by and between the Company and the Named Assured that as part of the consideration for the issuance or continuance *1105 of this policy in addition to the premium charged, it is hereby understood and agreed that the policy to which this endorsement is attached shall not be in force and effect while any motor vehicle which would be covered by this policy is being operated by Eligha Palmer.
There was evidence of the following: Shortly after the first accident by Palmer in 1974, a Farm Bureau adjuster told Carl Williams that Palmer would probably be excluded from coverage. The adjuster further stated that Palmer could be resubmitted for coverage in two and one-half to three years but that he would not be automatically reinstated.
At the time the exclusion was executed, Wanda Williams, an officer of Williams, was told by a Farm Bureau agent that Palmer could be resubmitted for coverage in two and one-half to three years. He did not guarantee reinstatement.
Approximately two and one-half years later Wanda Williams submitted to the local Farm Bureau office a list of drivers employed by Williams. The list included Eligha Palmer.
In April 1978 a second list of drivers was submitted to the local Farm Bureau office, again including Eligha Palmer. Palmer had an accident while driving Williams’ truck on September 5, 1978.
Williams contended at trial and on appeal that these facts, when added to the fact that the cover sheet or declaration issued by Farm Bureau when the policy was renewed in 1978 failed to indicate the driver exclusion, amounted to a waiver by Farm Bureau of the named driver exclusion covering Eli-gha Palmer.
This contention runs directly into the law in this state that coverage under an insurance policy cannot be created or enlarged by waiver or estoppel. Inland Mutual Insurance Company v. Hightower, 274 Ala. 52, 145 So.2d 422 (1962); Home Insurance Co. of New York v. Campbell Motor Co., 227 Ala. 499, 150 So. 486 (1933). As recently as March 7, 1980, our supreme court in the case of Home Indemnity Company v. Reed Equipment Company, 381 So.2d 45 (Ala.1980) said:
Although the doctrine of waiver may extend to practically every ground on which an insurer may deny liability based on forfeiture, the doctrine is not available to bring within the coverage of a policy risks not covered by its terms or risks expressly excluded therefrom. (Citation omitted.) Thus, coverage under an insurance policy cannot be created or enlarged by waiver or estoppel and, if there is no ambiguity, it is the duty of the court to enforce the policy as written.
Clearly the express exclusion of Palmer as a driver from the provisions of the policy pertains to coverage and not forfeiture. Coverage is claimed by plaintiff through waiver. The exclusion is clear as well as a requirement in the policy for express written removal. There appears no ambiguity. The court should have given the exclusion effect by directing a verdict in favor of defendant as requested. Failing that, defendant’s motion for judgment N.O.V. was due to have been granted. Due to the error, the judgment is reversed and the case remanded to the trial court for entry of judgment notwithstanding the verdict.
Other issues presented on appeal are pre-termitted.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.